# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 23, 2020

Lyle W. Cayce
Clerk

No. 20-40062
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Alejandro De La Torre,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:19-CR-1639-1

Before Jolly, Elrod, and Graves, *Circuit Judges*.

Per Curiam:*

Alejandro De La Torre pleaded guilty to making false statements or representations with regard to firearms records. He requested a downward departure pursuant to U.S.S.G. § 5K2.0(a)(3), asserting primarily that although he illegally purchased firearms, he did so with the purpose of selling

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-40062

them to law-abiding citizens in Mexico who needed the weapons for personal protection. The district court sentenced him within the guidelines range to the statutory maximum sentence of 60 months in prison and three years of supervised release.

On appeal, De La Torre contends that the district court erred in not departing downward under § 5K2.0(a)(3). He acknowledges that we have held that we lack jurisdiction to review the denial of a downward departure, but he argues that the basis for this jurisdictional limitation was eliminated by the decision in *United States v. Booker*, 543 U.S. 220 (2005), and related cases.

Post-*Booker*, we have held that we lack jurisdiction to review the denial of a downward departure unless the denial was based on the district court's erroneous belief that it lacked the authority to depart. *United States v. Lucas*, 516 F.3d 316, 350-51 (5th Cir. 2008); *United States v. Alaniz*, 726 F.3d 586, 627 (5th Cir. 2013). De La Torres does not argue that the district court denied his motion for a downward departure because the court mistakenly believed that it had no authority to depart. Therefore, we lack jurisdiction to review the district court's denial of the motion for a downward departure. *See Lucas*, 516 F.3d at 350.

The judgment of the district court is AFFIRMED.